UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>            Plaintiffs,<br><br>     v.<br><br>Jeanna Quesenberry,<br><br>            Defendant. | No. 2:19-cr-00081-KJM<br>No. 2:19-cr-00107-KJM<br><br>ORDER |

The court sentenced defendant Jeanna Quesenberry to 120 months' incarceration on March 11, 2025. *See* Judgment & Commitment, ECF No. 467; Sent. Hr'g Mins., ECF No. 461.[1] The court continued Quesenberry's pretrial release and ordered her to self-surrender on June 2, 2025, "with the court retaining jurisdiction to modify the self-surrender date upon showing of good cause by either side." *See* Sent. Hr'g Mins. Quesenberry now moves to extend her self-surrender date to July 7, 2025. *See* Mot., ECF No. 470. The government opposes the request, ECF No. 474, and Quesenberry has replied, ECF No. 475. The court now takes the matter under submission without holding a hearing and **denies** the motion.

The court has jurisdiction to entertain Quesenberry's request, which is within this court's discretion to grant, as the circumstances may warrant. *See United States v. Fower*, 30 F.4th 823,

---

[1] Docket numbers cited here are those in Case No. 19-cr-0081.

1

827 (9th Cir. 2022) ("If the circumstances warrant, a district court may delay the imposition of sentence or extend the time to surrender to the BOP[.]"). As the Circuit noted in *Fower*, district courts can and do extend self-surrender dates based on a defendant's health and the need for medical care before incarceration. *See id.* (citing *United States v. Gregory*, No. 17-20079, 2021 WL 1978630, at *4 (D. Kan. May 18, 2021) and *United States v. Aldridge*, No. 19-20651, 2021 WL 1720900, at *1 (E.D. Mich. May 1, 2021)).

Quesenberry asks to extend her self-surrender date because "[s]he currently needs knee surgery." Mot. at 1. She would not undergo surgery during any extended period of pretrial release; her surgeon "is not recommending surgery, at this time, because she will not be able to receive the necessary frequency and quality of post-surgery physical therapy in a prison environment." *Id.* Instead, her surgeon is giving her injections "to manage the condition, for as long as possible," and she has two more appointments for injections in June, after her self-surrender date. *Id.* Quesenberry relies on a letter from her surgeon, but the letter does not offer more detail than her motion.

The court cannot find on this sparse record that a delay is necessary for Quesenberry's health. This case contrasts with others, including those cited above, in which more time was necessary to avoid serious injury or death. *Cf. Gregory*, 2021 WL 1978630, at *4 (granting motion to delay self-surrender to defendant with ankylosing spondylitis, which affects the immune system, to permit him time to receive a "a specific sequence of vaccines and immunosuppressant treatment" that was necessary in the opinion of his physicians). Nor does the record permit the court to find Quesenberry will receive inadequate or inappropriate medical care in federal custody. Her arguments to the contrary rely on much more extreme and specific examples of inadequate care than she raises in this case. *See* Reply at 3–5.

The motion to extend self-surrender (ECF No. 470) is **denied**. This order does not preclude a motion for relief under 18 U.S.C. § 3582(c), if later warranted based on Quesenberry's medical care and health during her incarceration.

IT IS SO ORDERED.

DATED: May 28, 2025.

UNITED STATES DISTRICT JUDGE